We'll hear the next case, Latouche v. Wells Fargo. Ms. Latouche. Good morning. I would like to thank the Court for your time and the opportunity to listen to my plea. This action was brought against Wells Fargo Home Mortgage, Wells Fargo Bank, and other named defendants who were in collusion and conspiracy in violation of 15 U.S.C. section 1691 in the Truth in Lending Act, in which I'm seeking damages and recession under Federal Tort Act 28, sections 2680, 12 U.S.C. sections 1708 and 1709. We are here today because the district court failed to recognize this court's longstanding application of the doctrine of continuing violation as exception to the statute of limitations for violating the TILA law. The doctrine of continuing violation was also upheld by this court's decision in the U.S. v. Rivera-Ventura case, which ruled that statute of limitations does not begin until the offense is complete. So you filed your TILA claim outside the one-year limitation, correct? That's correct. And when did you first, when were you first aware of the violation? I first became aware of the violation in August 2015 during the state's foreclosures discovery proceedings when a copy of the actual appraisal report was given. In paragraph 14 of the complaint, as I understand it, you say that the appraisal report was presented as a true reliable estimate of the worth of the premises. And so doesn't that seem to suggest that you may have seen it prior to the sale as well as the loan? It may suggest that. However, I never saw a copy of the appraisal. Communication of the fair market value was given through the broker who solicited business for me via Wells Fargo. If you saw the appraisal report after the sale in 2015, when was it produced in discovery? Sometime around August 2015. That's when you became aware. Correct. Okay. And in closed-end credit transactions, such as in mortgage loans, this Court, joined by other circuits, established that statute of limitations does not toll on the date the loan and mortgage agreement was entered, but when the money was dispersed, as ruled in the McKinney v. Astoria Finance, which means that the statute of limitation does not toll if the bank or lender still has possession of the loan monies. With the permission of this Court, may I read Sections 52 and 58 of the complaint, where I stated that conduct is still continuing because the monies are still not in possession. Paragraph 52 states, quote, Upon information and belief, other relevant documents in connection with FHA 203k loan were not seen and signed by the plaintiff myself at the time of closing, among which included the HUD Borrow Certificate, Homeowner Contractor Agreement for Renovation and Repairs, the Specification of Repairs and Narrative of Scope, Draw Requests Authorizing the Release of Funds Prior to the Commencement of Repairs, or the Approved Inspection by the New York City Department of Buildings. Unquote. Paragraph 58 says, quote, Upon information and belief, no accounting has been made by the defendant, Wells Fargo Home Mortgage, to the plaintiff regarding the distribution of said 203k loan monies. Despite the fact, upon further information and belief, a significant portion of these monies, which interest is being charged to me, remains the possession of Wells Fargo Bank. And regarding continuing violation, the Pelley's have argued in their opposition papers that such argument is waived, because it is not raised in the district court. However, it must be noted that I was not the move-in for the motion in the district court, but only opposing the motion before the district court. The standard requirement which a claim is based need not to set out the detail of the claim, but a short, plain statement of the claim giving notice of the nature and the ground upon which it rests. A motion to dismiss is decided by the court significantly, by viewing the complaint in the light most favorable to the plaintiff, as was ruled in U.S. Supremes Court Shewer v. Rhodes case. Assuming arguendo, this court considered a Pelley's line of argument true, it is well established that this circuit consider waived arguments on a rule that is prejudicial, see Senuoto v. Bank of Austria, and also properly exercise this discretion where necessary to avoid a manifest injustice or if a question of law present itself. And if I may ask this court to consider and review for clear error and legal conclusions de novo, just as in like manner this court granted a de novo review in the Zappia Middle East Construction v. Emirate of Abu Dhabi case. We're also here today because the district court failed to recognize this court's application of equitable tolling based on two key elements. Excuse me, Ms. Latouche, could you just explain to me, what is the basis for the truth in lending claim to the extent that it's based on an appraisal report that understates the repairs that are necessary? I'm just having a little trouble understanding how that relates to the terms of the loan or to the liability of the bank as opposed to that the seller and its agents are persuading you to buy something that you shouldn't perhaps have been buying in the first place because they told you, made false statements about the worth of the thing you're buying. How does that relate to truth on the part of the bank about the terms of the loan? The appraisal report incorrectly stated that the property was up to the standards that made it at market value $410,000. A portion of that loan was the 203k loan, which was supposed to also be distributed to me so that I can pay the contractors so that it would be worth the full market value. The error in the truth in lending is that the loan was made to me based on false criteria that was documented in the appraisal report. The appraisal report also failed to describe structural defects. Finally, if you never got the appraisal report at the time, how does the falsity of the appraisal report affect your decision to purchase or take the loan? Because the appraisal report stated that it was a four-family-in-store, which conforms to the FHA guidelines, when in fact it was a five-family-in-store, which does not conform to FHA guidelines. Okay. Judge Lynch's question, you didn't know that, what the appraisal report said, right, until later? Correct. How did it affect your entering into the transaction with the defendant? I entered into the transaction with the defendant because they also stated that they would bring the property up to code. They would give you money to bring the property up to code? They did not state that. The money was supposed to be issued from Wells Fargo through the draw schedule as part of the 203 loan. Thank you. Okay. So we're also here today because the district court failed to apply the equitable tolling based on two key elements, fraudulent concealment of facts and the fact that I exercised reasonable diligence, and because of extraordinary circumstances, I was untimely in bringing this action. It is also my contention that equitable tolling be applied because this court applied the doctrine in the Serberian versus International Ladies' Garment Workers' case. Speaking to the fraudulent concealment of facts, the district court misconstrued paragraph 14 of the complaint to suggest that I was given the appraisal report during closing. I pleaded in paragraph 14 to mean that the appraisal report existed and that there was misrepresentation of true fact of the premise, but I did not receive the appraisal report during closing. As such, the district court erred in granting the motion to dismiss. Furthermore, there was also fraudulent concealment of facts on material documents in connection to the FHA 203K loan. Did you plead that concealment in your complaint? Yes, I did, in paragraph 52, Your Honor. And at the time that the motion to dismiss was under consideration by the district court, did you provide the district court with any additional information? No, I did not. I don't know what you're telling us here. No. You just relied on the complaint? I relied on the complaint and then the district court's decision. No, I've got that, but you are telling us perhaps more detail because we're asking you questions about that today than I take it you were able to provide to the district court when the district court had this matter under consideration. I don't understand. I'm not trying to trick you with anything. The district court had my complaint and in section 52 . . . Right, right. It was already there, but you didn't give them an affidavit saying, and by the way, you know, they told me this and I . . . No, Your Honor. All right. Which of the documents referred to in paragraph 52 is Mr. Howard's appraisal report? In paragraph 52, the appraisal report is not there. Well, you see, that's the problem, isn't it? You're saying that the district court misinterpreted your complaint, but paragraph 14 says that Mr. Howard prepared a grossly inflated and inaccurate appraisal report. Which appraisal was presented to the plaintiff as a true reliable estimate of the worth of the premises, which suggests it was presented to you? Paragraph 52 refers to various documents that were not presented at the time of the closing, but the appraisal report is not one of them. That's correct. Your Honor, I did not see the appraisal report. Okay. I did not. Okay. If I may continue shortly. Well, could you just finish up? Okay. We're beyond your time, so . . . Okay. I'm sorry. Just in closing, I just wanted to add that the appraisal report was not provided, an actual copy, to me until August 2015, and it would have highlighted to me that the property did not meet FHA guidelines. And regarding extraordinary circumstances in closing, I just wanted to refer to paragraphs 67 and 68 and paragraph 69 and 70, which states the fact that I was making reasonable attempts to obtain the documentation from the various defendants, and I was unable to unsuccessfully. So in closing, it is my prayer that this Court consider reversing the decision of the District Court and remand it back to the District Court for further proceedings. Thank you. Thank you for your argument. Thank you. Mr. Fletcher. May it please the Court. Christian Fletcher of Hogan Levels for Pelley Wells Fargo Bank. Your Honor, the only issue I see to address is the discovery of the alleged injury. She's claiming now that it occurred in August of 2015, but that's based on her review of an appraisal she claims to have never seen, which simply values the property at what she is told the property had been valued at. It has no connection to a TILA violation, which is the only Federal claim that would bestow Federal jurisdiction upon the District Court. I don't think it's even in question that the alleged discovery of an appraisal report in 2015 does anything to withhold the statute of limitations on that TILA claim or to treat it as if it were never discovered until that date. Reading the complaint liberally, is there not a way to construe what's being said, at least as amplified by argument here, and you're, of course, obviously able to tell me that, that essentially what the appraisal report did was contradict what she had been led to believe by the folks who made her the loan. It seems to me that's the point that the appellant is making here. I think she cannot make that point on the facts as alleged. It can't even under a liberal ruling because what she's saying is the appraisal report revealed the value that they told her it was. There's no contradiction. It can't produce a new discovery of new information. What about paragraph 14 of the complaint, which alleges misrepresentation? For example, the report concluded that the premises conformed to HUD FHA standards, when in fact it did not. That's fairly specific, isn't it? Well, I don't think it's specific enough to allege a violation of TILA. So even if I take this to be true, that they told her the property was a four-bedroom, and in fact it was five, that's not a misrepresentation. Let's even assume that it was a misrepresentation. That's not a TILA violation that she would have discovered by the production of an appraisal report in 2015. It's a fact she would have known in any of the 13 years before that. If there are no other questions, I'll rest on— If I hear you correctly, what you're saying is there's one issue, which would be a state law claim with its own statute of limitations and its own accrual rules and so on, as to whether Ms. Latouche was defrauded into buying the property. And whether the appraisal report says it's worth a million dollars or it's worth $200,000 or lies about what it's worth, that goes to the fraud in inducement of the purchase and does not go to a violation of truth in lending terms? Is that the point you're making? That's the point. That's essentially the point I'm making. Those pendant claims that the court opted not to exercise jurisdiction over it, to the extent we read this complaint extremely liberally to say, well, there was some fraud alleged, that's part of the claims that the court below opted not to exercise its jurisdiction over it. And as you understand the complaint, what is the truth in lending violation that it alleges? Failure to disclose at closing of the loan the essential terms required by that statute. Which have to do with the rates and the terms of repayment and things of that sort. Correct. And is there anything in TILA that talks to an obligation, at least in connection with a mortgage loan, to verify the value of the property that is part of the mortgage transaction? I don't think so. I don't know. Okay. If there are no further, I'll rest on our papers and this argument. Thank you. Thank you both for your arguments. The court will reserve decision.